IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

LARRY A. BRATTON,

                    Plaintiff,                    Civil Action No.
                                                  5:12-CV-204 (GTS/DEP)

        v.

ANITA FITZPATRICK, Commissioner
of Personnel,

                    Defendant.

_____

APPEARANCES:

LARRY A. BRATTON
Plaintiff, *pro se*

HON. DAVID E. PEEBLES
U.S. DISTRICT JUDGE

## REPORT AND RECOMMENDATION

Currently before the court for review in this *pro se* civil rights action

is an amended complaint, Dkt. 4, filed by plaintiff, Larry A. Bratton, who

has been given leave to proceed in this matter *in forma pauperis* (IFP")*,*

*see* Dkt. No. 3.

1

Plaintiff filed his original complaint on January 30, 2012 alleging, *inter alia*, violations of 42 U.S.C. §§ 1983, 1985, and 1986, discrimination in hiring in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and violations of New York Correction Law in relation to defendant's alleged rejection of his application for employment based upon his race and criminal history, and in retaliation for previous lawsuits he had commenced against Tompkins County.  *See generally* Complaint (Dkt. No. 1).  Along with his complaint, plaintiff submitted an application to proceed IFP requesting leave to proceed without prepayment of the filing fee.

Upon initial review of plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(b), assigned District Judge Glenn T. Suddaby ordered that plaintiff's complaint be dismissed, with leave to file an amended complaint, for failure to state a cause of action.  Dkt. No. 3.  At the time, Judge Suddaby detailed plaintiff's prior litigation history in this court, expressly noting that "all eight of plaintiff's previous actions (and all five of his appeals), except one, have been dismissed for failure to state a claim (or frivolousness), failure to adduce evidence to survive summary judgment, or failure to prosecute[,]" Dkt. No. 3 at n.3, and therefore warned plaintiff

of the potential of a future order barring him from filing any future *pro se* actions without first obtaining leave of the court, *see id.*

Plaintiff's amended complaint is almost identical to his original complaint, except that he has eliminated Tompkins County as a defendant, and omitted reference to any claims alleged against that entity, and apparently no longer asserts causes of action under sections 1985 and 1986.  Because plaintiff's amended complaint alleges the same claims based upon the same allegations of fact as asserted in the original complaint and fails to rectify the deficiencies in that pleading identified by Judge Suddaby in his memorandum-decision and order of April 6, 2012, for the reasons stated therein, I recommend that the action be dismissed with prejudice and that the court issue an order directing plaintiff to show cause why an order should not be issued barring him from filing any future *pro se* actions without first obtaining leave of the court.

Accordingly, it is hereby respectfully

RECOMMENDED that the action be dismissed with prejudice and that the court issue an order directing plaintiff to show cause within thirty days of such order why he should not be barred from filing any future *pro se* actions in this district without first obtaining leave of the court .

3

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon plaintiff in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:      May 22, 2012
            Syracuse, NY

4