UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LARRY A. BRATTON,

                        Plaintiff,
                                                                5:12-CV-0204
v.                                                              (GTS/DEP)

ANITA FITZPATRICK, Comm'r of Personnel,

                        Defendant.
_____

APPEARANCES:

LARRY A. BRATTON
   Plaintiff, *Pro Se*
108 Sears Street
Ithaca, New York 14850

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

        Currently before the Court, in this *pro se* civil rights action filed by Larry A. Bratton

("Plaintiff") against Anita Fitzpatrick ("Defendant"), is Magistrate Judge David E. Peebles'

Report-Recommendation recommending that (1) Plaintiff's Amended Complaint be *sua sponte*

dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b), and

(2) the undersigned forward this case to Chief United States District Judge Gary L. Sharpe with

the recommendation that an Anti-Filing Injunction Order be issued against Plaintiff.  (Dkt. No.

5.)  For the reasons set forth below, the Report-Recommendation is adopted and accepted in its

entirety.

I.      **RELEVANT BACKGROUND**

On January 30, 2012, Plaintiff filed a Complaint in this action.  (Dkt. No. 1.)  On April 6, 2012, the Court issued a Memorandum-Decision and Order granting Plaintiff leave to proceed in forma pauperis, but conditionally dismissing the action unless Plaintiff filed an Amended Complaint curing the pleading defects described by the Court within the Decision and Order. (Dkt. No. 3.)

On May 4, 2012, Plaintiff timely filed an Amended Complaint.  (Dkt. No. 4.)  Generally, and liberally construed, Plaintiff's Amended Complaint alleges that Defendant violated his due process rights and his right to equal protection by denying him employment based on his past criminal conviction.  (*See generally* Dkt. No. 4.)

On May 22, 2012, Magistrate Judge Peebles issued a Report-Recommendation recommending that Plaintiff's Amended Complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b).  (Dkt. No. 5 at 3.)  More specifically, Magistrate Judge Peebles found that, because Plaintiff's Amended Complaint is nearly identical to Plaintiff's original Complaint (except for eliminating Tompkins County as a Defendant and eliminating his causes of action allegedly arising under 42 U.S.C. §§ 1985 and 1986), Plaintiff's Amended Complaint failed to rectify the pleading defects identified in the Court's Decision and Order dated April 6, 2012.  (*Id.*)  In addition, Magistrate Judge Peebles recommended that the undersigned forward this case to Chief Judge Sharpe with the recommendation that an Anti-Filing Injunction Order be issued against Plaintiff.  (*Id.*)

Plaintiff has not submitted an objection to the Report-Recommendation, and the time in which to do so has expired.  (*See generally* Docket Sheet.)

II.      RELEVANT LEGAL STANDARD

When no objection is made to a Report-Recommendation, the Court subjects the Report-Recommendation to a clear-error standard of review.  Fed. R. Civ. P. 72(b), Advisory committee Notes: 1983 Addition.   When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.[1]  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

III.     ANALYSIS

A.      Recommendation Regarding Dismissal of Plaintiff's Amended Complaint

After carefully reviewing Plaintiff's Amended Complaint and Magistrate Judge Peebles' Report-Recommendation, the Court can find no clear error in that portion of the Report-Recommendation recommending that Plaintiff's Amended Complaint be dismissed with prejudice.  As a result, the Court adopts that portion of the Report-Recommendation, for the reasons stated therein.  (Dkt. No. 5.)

The Court would add only that granting a pro se civil rights plaintiff an opportunity to amend his or her pleading before dismissing that pleading for failure to state a claim s not required where, as here, the plaintiff has already been afforded the opportunity to amend his or her pleading.  *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course,

---

[1]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already

been given a chance to amend his pleading."), *aff'd*, 357 F. App'x 388 (2d Cir. 2009); *accord*,

*Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009)

(McAvoy, J., adopting Report-Recommendation by Lowe, M.J.), *Smith v. Fischer*, 07-CV-1264,

2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-

Recommendation by Lowe, M.J.).[2]

---

[2]       *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading); *Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Dyson v. N.Y. Health Care, Inc .,* 353 F. App'x 502, 503-03 (2d Cir. 2009) ("[T]he district court did not abuse its discretion by dismissing Dyson's third amended complaint with prejudice. . . . [T]he district court afforded Dyson three opportunities to file an amended complaint so as to comply with Rule 8(a)(2), and, despite these, she did not plead any facts sufficient to show that she was plausibly entitled to any relief."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of *pro se* plaintiff's amended complaint without leave to amend, for failure to state a claim upon which relief can be granted, without engaging in analysis of whether second amended complaint would be futile); *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) ("Yang's amended complaint fails to remedy this defect in his pleadings. . . . His equal protection claim is dismissed."), *aff'd*, 71 F. App'x 90 (2d Cir. 2003); *Payne v. Malemathew,* 09-CV-1634, 2011 WL 3043920, at *6 (S.D.N.Y. July 22, 2011) ("Plaintiff has repeatedly failed to cure the defects in his claims despite having received detailed instructions and despite the bases of the dismissals having been specified in advance, and he has not identified any additional facts he could advance now that would address these defects. Accordingly, nothwithstanding Plaintiff's pro se status, leave to amend yet again is denied."); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) ("While that failure to plead special damages with respect to the other alleged representations in theory might be cured by amendment, plaintiff already has amended once and has not sought leave to amend again. Accordingly, the fraud claims will be dismissed except to the limited extend indicated.").

**B.    Recommendation Regarding Consideration of Anti-Filing Injunction Order**

After carefully reviewing Plaintiff's Amended Complaint and Magistrate Judge Peebles' Report-Recommendation, the Court can find no clear error in that portion of the Report-Recommendation recommending that the undersigned forward this case to Chief Judge Sharpe with the recommendation that an Anti-Filing Injunction Order be issued against Plaintiff. As a result, the Court adopts that portion of the Report-Recommendation, for the reasons stated therein. (Dkt. No. 5.) The Court would add only the following brief analysis.

As the Court pointed out in its Decision and Order of April 6, 2012, Plaintiff has an extensive history of filing unmerited pro se civil rights actions in this District (and elsewhere in the Second Circuit). More specifically, before filing this action on January 30, 2012, Plaintiff had filed (1) nine pro se actions in this District (eight pro se civil rights actions and one pro se habeas corpus action), (2) one pro se action in the Western District of New York (a pro se civil rights action), and (3) five appeals with the Second Circuit. Moreover, all ten of Plaintiff's previous actions (and all five of his appeals), except one, have been dismissed for failure to state a claim (or frivolousness), failure to adduce evidence to survive summary judgment, and/or failure to prosecute. The tenth action is still pending.[3]

---

[3]        *See Bratton v. Monroe Cnty.*, 91-CV-6129, Order (W.D.N.Y. filed Dec. 23, 1991) (dismissing Plaintiff's *pro se* civil rights action for failure to prosecute); *Bratton v. Tompkins Cnty.*, 93-CV-1455, Decision and Order (N.D.N.Y. filed Feb. 4, 1999) (dismissing Plaintiff's *pro se* civil rights action for failure to prosecute and to follow court orders) (Kahn, J.); *Bratton v. Eidens*, 01-CV-0267, Decision and Order (N.D.N.Y. filed Sept. 24, 2004) (Kahn, J.) (dismissing Plaintiff's *pro se* civil rights action on defendants' motion for summary judgment), *appeal dismissed*, No. 04-5576, Mandate (2d Cir. filed May 18, 2005) (dismissing Plaintiff's appeal due to default); *Bratton v. Buffardi*, 01-CV-0334, Judgment (N.D.N.Y. filed Sept. 7, 2001) (Kahn, J.) (dismissing Plaintiff's habeas corpus action for failure to follow court order); *Bratton v. Comm'r Goord*, 02-CV-0185, Memorandum Opinion (N.D.N.Y. filed May 23, 2006) (Strom, J.) (dismissing Plaintiff's *pro se* civil rights action on defendants' motion for summary judgment), *aff'd*, No. 06-3313, Mandate (2d Cir. filed Dec. 7, 2007) (affirming district court decision);

Based on a careful review of Plaintiff's litigation history, the undersigned finds that (1) he lacks a good-faith expectation in prevailing in his lawsuits, (2) he has proven himself to be vexatious and indeed incorrigible when proceeding pro se, (3) he has caused needless expense to other parties and placed an unnecessary burden on the Court and its personnel, and (4) sanctions lesser than a Bar Order–such as a warning–would not be adequate to curb Plaintiff's vexatiousness and protect the Court and other parties (especially given his failure to even attempt to object to Magistrate Judge Peebles' recommended Anti-Filing Injunction Order).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 5) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint is *sua sponte* **<u>DISMISSED</u>** **with prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b); and it is further

---

*Bratton v. Goord*, 02-CV-1557, Memorandum-Decision and Order (N.D.N.Y. filed Feb. 3, 2006) (Mordue, J.) (dismissing Plaintiff's *pro se* civil rights action on defendants' motion for summary judgment), *appeal dismissed*, No. 06-0716, Mandate (2d Cir. filed July 16, 2006) (dismissing Plaintiff's appeal for failure to either pay docketing fee or move for leave to proceed in forma pauperis), *appeal dismissed*, No. 06-0716, Mandate (2d Cir. filed Jan. 14, 2008) (dismissing Plaintiff's second appeal as lacking arguable basis in law or fact); *Bratton v. Baker*, 03-CV-1458, Order (N.D.N.Y. filed Jan. 26, 2006) (Hurd, J.) (dismissing Plaintiff's *pro se* civil rights action on defendants' motion for failure to state a claim), *appeal dismissed*, No. 06-0622, Order of Dismissal (2d Cir. filed May 3, 2006) (dismissing Plaintiff's appeal for failure to file prisoner authorization form); *Bratton v. Spitzer*, 04-CV-0748, Decision and Order (N.D.N.Y. filed Apr. 12, 2005) (Hood, J.) (dismissing Plaintiff's *pro se* civil rights action on defendants' motion to dismiss for failure to state a claim); *Bratton v. Div. of Parole*, 05-CV-0950, Memorandum-Decision and Order (N.D.N.Y. filed Apr. 14, 2008) (Mordue, C.J.) (dismissing *pro se* civil rights action on defendants' motions for judgment on the pleadings and for summary judgment), *appeal dismissed*, No. 08-2354, Order (2d Cir. filed Oct. 15, 2009) (dismissing Plaintiff's appeal for failure to file brief); *Bratton v. Allen*, 11-CV-0077, Complaint (N.D.N.Y. filed Jan. 21, 2011) (Hurd, J.) (pending *pro se* civil rights action).

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of

Defendant and close this action; and it is further

**ORDERED** that the Clerk of the Court is directed to forward this case to Chief United

States District Judge Gary L. Sharpe with the recommendation of the undersigned that an Anti-

Filing Injunction Order be issued against Plaintiff.

Dated:   October 3, 2012
          Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge